UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK CONTI, | ) | CASE NO. 4:09CV0070 |
| Petitioner | ) | JUDGE KATHLEEN M. O'MALLEY |
| -vs- | ) | |
| J.T. SHARTLE, et al., | ) | MEMORANDUM OF OPINION AND ORDER |
| Respondents. | ) | |

Pro se petitioner Frederick Conti filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks, inter alia, immediate release, or to be resentenced without a Career Criminal status. Further, he asks this court to hold a hearing to "develope [sic] the underlying events and permit the Court to render a more informed decision." (Pet. at 9.)

*Background*

The facts set forth in Mr. Conti's petition do not fully address the issues which led to the conviction he now seeks to challenge. The court will, therefore, partially rely on the detailed facts outlined in United States v. Conti, No. 91-3712, 1992 WL 174537 (6th Cir. July 24, 1992), cert.

denied, 506 U.S. 1009 (1992), the Sixth Circuit's opinion affirming Mr. Conti's conviction and sentence on direct appeal. See Myers v. United States, 198 F.3d 615, 619 (6th Cir.1999)(proper for federal court in a post-conviction proceeding to rely on factual conclusions given on direct appeal).

Mr. Conti was indicted on August 21, 1990 and charged with possession with intent to distribute approximately three kilograms of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). United States v. Conti, No. 1:90cr0226 (N.D. Ohio 1990)(White, J.) A Superseding Indictment was filed on October 4, 1990, charging petitioner with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846; two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and, interstate travel in aid of racketeering in violation of 18 U.S.C. §§ 2, 1952.

A jury found petitioner guilty of the charges on April 2,1991. He was sentenced on July 31, 1991 to two hundred ninety-two (292) months imprisonment, followed by five years of supervised release and a special assessment of $200. A direct appeal was filed in the Sixth Circuit, which affirmed his conviction in 1992. Following the Supreme Court's denial of his petition for writ of certiorari, Mr. Conti filed a motion to vacate his sentence on October 4, 1993 pursuant to 28 U.S.C. §2255. Judge White denied his motion on July 11, 1994. The Sixth Circuit affirmed the district court's decision on December 13, 1995. A later request for leave to "File a Successive §2255" was denied by the Sixth Circuit on November 19, 2008.

Mr. Conti now raises four grounds for relief in his petition before this court. Namely, (1) denial of due process and/or equal protection when the government failed to advise it would seek to classify him as a career criminal; (2) ineffective assistance of counsel when his attorney failed to research a defense regarding his classification as a career criminal; (3) denial of a unanimous verdict

because he was "sentenced under a mandatory guideline regime under alternate theories of prosecution, conspiracy and aiding or abetting"(Pet. at 2); and, (4) failure to consider petitioner's advanced age and ill health, in accordance with 18 U.S.C. § 3553(a), when the court imposed a sentence of 292 months.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence must be filed in the sentencing court under 28 U.S.C. § 2255. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Mr. Conti has admittedly filed a motion pursuant to § 2255 already, but now seeks relief pursuant to 28 U.S.C. § 2241.

A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). Because Mr. Conti has already filed an unsuccessful § 2255 motion, he must successfully allege why his §2255 remedy is inadequate or ineffective to test the legality of his detention before this court has subject matter jurisdiction over his petition.

It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles, 180 F.3d a 756. Nor is

3


the § 2255 remedy considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C. Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998). Although Mr. Conti may be barred from filing another § 2255 motion, this fact does not entitle him to relief pursuant to § 2241. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective, Charles, 180 F.3d at 756, and he has failed.

## Conclusion

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE